## JOHN SPINKS v. THE STATE.

1. THEFT. — In a trial for theft of certain cattle, the State proved a bailment of the cattle by the owner to the defendant, who thereupon had an incorrect record made of the owner's brand, and then sold the cattle without the owner's consent. The jury were instructed to acquit unless from all the evidence they were satisfied that the defendant, at the very time he obtained possession of the cattle, intended to deprive the owner of their value. *Held*, correct.

2. SAME — CATTLE-BRANDS. — After indictment found, the owner had a correct record made of his brand. Over objection by the defence, the State was allowed to put this second record in evidence, and the jury were instructed that it was relevant to the question of ownership, provided they were satisfied from the evidence that the alleged owner, when he delivered the cattle to the defendant, had the control of them, and other *indicia* of ownership. *Held*, substantially correct, in connection with all the facts in proof and the entire charge of the court.

APPEAL from the District Court of Frio. Tried below before the Hon. T. M. PASCHAL.

Theft of two cows belonging to one Henry Fabian was the offence of which the appellant was convicted, and two years in the penitentiary the punishment assessed against him.

*A. S. Cureton*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. It appears from the transcript that the defendant had at one time been placed in possession, by the owner, of certain stock, among others those which he is charged with stealing, and had placed on record what purported to be the mark and brand of the owner; but, it having been discovered that the brand, as procured to be recorded, was inaccurate, the owner, about the time of the trial, and subsequently to the date of the alleged theft, had the brand correctly recorded.

On the trial, the defendant objected to the admission of

the second record of the brand; which objection the court overruled, and, refusing a special instruction to the effect that the jury could not consider the second record of the brand as evidence, gave the jury this instruction: "The cattle, in this case, are not claimed to be identified except by the brands which were on them; the certified transcript of the record of this brand is in evidence, and, as it was only placed upon record to-day, you are charged that it is admissible as evidence, as a circumstance going to establish the ownership of Fabian, provided that there is any other evidence before you which shows that the same Fabian, at the time he turned over these two cows to Spinks, as testified to by him, exercised control over them, and other acts consistent with ownership." Immediately preceding this charge the judge had instructed the jury as follows: "It is a question for the jury to determine from all the facts whether the defendant used any false pretext, or whether, at the very time when he came into possession of the cows as testified to, he intended to deprive the owner of the value of the same. If he did not, he is not guilty."

The first part of the charge was applicable to the facts proved with regard to the record of the brand, and was substantially correct in law. *Priesmuth* v. *The State*, 1 Texas Ct. App. 480. The other charge was a correct and appropriate instruction on the vital point of inquiry, — the fraudulent intent of the accused at the time he obtained possession of the property. Penal Code, art. 727.

Other portions of the charge, including the presumption of innocence and the reasonable doubt, are believed to be correct, and applicable to the testimony. No such error has been suggested as would warrant an interference with the verdict and judgment. The judgment is affirmed.

*Affirmed.*